## Charles A. Beittenmiller, Plff. in Err., *v.* Bergner & Engel Brewing Company.

A carpenter who was sent by his employer to do some work in a brewery was directed by the superintendent of the brewery to place a stringer in a certain room. He twice attempted to do this, but was driven out by the fumes of ammonia. The superintendent ordered him to try again, saying that the work must be done. In making the third attempt he climbed about 8 feet above the floor, and when his face came opposite a certain bolt hole he was met by a blast of ammonia which rendered him senseless and seriously injured him. In an action against the owners of the brewery, the court entered a compulsory nonsuit. *Held,* that as the plaintiff knew that the room was full of ammonia, and continued to work in it, he assumed all the risks arising from that cause, and a nonsuit was properly entered against him.

(Argued January 25, 1888.  Decided February 20, 1888.)

January Term, 1888, No. 64, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.  Error to the Common Pleas No. 2 of Philadelphia County to review a judgment of compulsory nonsuit in favor of the defendant in an action on the case.  Affirmed.

This action was brought by Charles A. Beittenmiller against the Bergner & Engel Brewing Company, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant company.

---

NOTE.—As to assumption of risk by servant, see the review of authorities in the following editorial notes:  Effect of an assurance of safety given by the master or a coservant, note to McKee v. Tourtellotte, 48 L. R. A. 542; rights of a servant who continues work on the faith of his master's promise to remove a specific cause of danger, Illinois Steel Co. v. Mann, 40 L. R. A. 781; risk of danger of electric shock, note to Western U. Teleg. Co. v. McMullen, 32 L. R. A. 351; when risks outside scope of employment deemed to be assumed, note to Olson v. Minneapolis & St. L. R. Co. 48 L. R. A. 803; assumption by volunteer, of risks of services, note to Evarts v. St. Paul, M. & M. R. Co. 22 L. R. A. 663; *volenti non fit injuria,* as a defense to actions by injured servants, note to O'Maley v. South Boston Gaslight Co. 47 L. R. A. 161.

The following facts appeared at the trial:

The plaintiff was a carpenter in the employ of one Doyle, by whom he was sent to do carpenter work for the defendant, in and about its brewery. The plaintiff received his orders from one Geiger who was the defendant's superintendent. July 29, 1885, the plaintiff with other carpenters was ordered by Geiger to put a certain stringer in place in a part of the brewery known as the ice-machine house. In performing this work he received the injuries complained of. The plaintiff described the accident as follows:

"I got the orders about 1:30 or 2 P. M. I went there with four men. I sent three men to a platform upstairs. You could smell ammonia in the room. The men said the ammonia was very strong up there and they commenced rubbing their eyes. They were up there only about three minutes when they said they could not stand it; they came down and went out in the air. Shortly afterwards we came back and tried to get it, the stringer, up higher; we had to stop again; we had lifted the stringer as high as we could and then put ropes to it; men had to give up the effort, because of the odor of ammonia; finally got it up 6½ feet and gave it up; we then went back to other work that we were at before, taking down scaffolding. Mr. Geiger, the superintendent, then in about an hour came and asked me why we had not finished the work in the ice-machine house, and said that the work must be done today; I said we had tried twice and could not do it, on account of the ammonia in the room. I said, Why not wait until tomorrow morning? He said it must be done today. I asked, How is the ammonia now? He said, It is not so bad now. In about ten minutes we went back to finish the work. I was sitting on one of the shores. I got up about 6 feet from the floor. The bolts in the partition were 8 feet above the floor. I was about 6 feet from the floor. I went up about 18 inches more. We got the stringer up high enough and were going to put it on the bolts. I had my head up even with the stringer to guide it and give directions to the men to place it on the bolts. I got my face opposite to one of the bolt holes in the partition and a blast of the ammonia came out of it into my face and I became senseless and fell to the ground."

The court granted a compulsory nonsuit.

The assignments of error specified the above action of the court.

*J. McGregor Gibb* and *Preston K. Erdman,* for plaintiff in error.—The defendant was guilty of culpable negligence in respect of plaintiff's safety, in not furnishing him with a safe place and safe accommodations to do the work which it directed him to perform, and in ordering him to return to the performance of work, after it had notice imputing to it cognizance of the danger. The defect causing the plaintiff's injury was the escape of ammonia vapor from apparatus of the brewery, near which the plaintiff was directed to work; of which escape, and the danger of it, he was not warned by defendant. The defendant's superintendent was not a coemployee of the plaintiff, within the meaning of the rule exculpating the master from the negligence of a coemployee. The plaintiff was not guilty of contributory negligence. He had no knowledge, and the nature of his employment did not require him to have any knowledge of the danger he encountered. Patterson v. Pittsburg & C. R. Co. 76 Pa. 389, 18 Am. Rep. 412; Hough v. Texas & P. R. Co. 100 U. S. 213, 25 L. ed. 612; Lee v. Woolsey, 109 Pa. 124; Frandsen v. Chicago, R. I. & P. R. Co. 36 Iowa, 372; Coombs v. New Bedford Cordage Co. 102 Mass. 572, 3 Am. Rep. 506.

The servant assumes no risks that do not come within the obvious scope of his employment, unless he is informed of them in such a way that he knowingly assumes them. It is the duty of the employer to use proper care, skill, and diligence to protect the servant from all dangers, from whatever source, of which the employer has cognizance or ought to have cognizance, except the dangers incident to the employment. Wharton, Neg. §§ 206 *et seq.;* Baxter v. Roberts, 44 Cal. 187, 13 Am. Rep. 160.

Privity of contract is not necessary to sustain the suit when it is based on the master's duty to afford suitable accommodation for the employees. A master is liable to a subservant, when duly appointed, for injuries sustained through the master's negligence in this relation. Wharton, Neg. § 212; Coughtry v. Globe Woolen Co. 56 N. Y. 124, 15 Am. Rep. 387.

*James P. Dolman* and *John Dolman,* for defendant in error.—The defendant is not liable for any act on the part either of the plumbers employed in the same room with the plaintiff, or of the men who the day previous to the accident fixed, in the brewery, the new ice machine. They were all people carrying on independent employments, and the defendant is not liable for

their negligence without evidence of want of due care in selecting them, the burden of showing which is upon the plaintiff. Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185; Wonder v. Baltimore & O. R. Co. 32 Md. 412, 3 Am. Rep. 143; Pittsburgh, Ft. W. & C. R. Co. v. Ruby, 38 Ind. 311; Albro v. Agawam Canal Co. 6 Cush. 77; Gilman v. Eastern R. Corp. 10 Allen, 239, 87 Am. Dec. 635; Wright v. New York C. R. Co. 25 N. Y. 566; Feltham v. England, L. R. 2 Q. B. 33.

The cause of the accident was no defect in the original construction of the premises, nor any want of repair into which they had fallen, but a circumstance created or produced after the plaintiff had entered upon his employment, either by the plaintiff himself or by someone for whose acts the defendant has not been shown to be liable.    Hunt v. Pennsylvania R. Co. 51 Pa. 475.

The principles which rule this case will be found in: Wannamaker v. Burke, 111 Pa. 429, 2 Atl. 500; Marsden v. Haigh, 14 W. N. C. 526; Sykes v. Packer, 99 Pa. 465; Payne v. Reese, 100 Pa. 301; Goshorn v. Smith, 92 Pa. 435; Green & C. Street Pass. R. Co. v. Bresmer, 97 Pa. 103.

PER CURIAM:
The plaintiff has no one but himself to blame for the injuries which he received.    He knew that the room was full of ammonia; and by continuing to work in it, he assumed all the risks arising from that cause.

The judgment is affirmed.