CHRISTOPHER COX *vs.* AMERICAN AGRICULTURAL CHEMICAL CO.

24 503
25 577
24 503
26 36

PROVIDENCE—NOVEMBER 26, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Master and Servant.    Assumed Risk.    Dangerous Employment.*

In an action for negligence the declaration alleged that plaintiff was in employ of defendant as a laborer in its business of pickling meats ; that while so engaged he was, without warning or cautioning, directed to clean out a waste pipe which had become stopped up ; that defendant had so negligently allowed said pipe to become full of decomposed animal matter that when opened by plaintiff it produced poisonous gases, accompanied by a great stench, smell, and odor, by which gases plaintiff was poisoned and became totally blind ; and that plaintiff had no notice or knowledge of such danger.    On demurrer, on the ground that such risk was assumed by plaintiff, and for other causes :—

*Held*, that, while plaintiff knew of the presence of the decomposed animal matter, he was not chargeable with the knowledge of its dangerous character, and hence did not assume the risk.

(2) *Master and Servant.    Work outside of Regular Employment.*

*Held*, further, that the work was outside of the regular employment of plaintiff, and work with which he was wholly unfamiliar.

(3) *Demurrers.    Pleading.    Conclusions of Law.*

*Held*, further, that, by demurring to the declaration, the defendant admitted, for the purposes of the hearing, that it knew of the dangerous character of the drain, and that plaintiff was ignorant thereof ; but otherwise the court could not say, as matter of law, that defendant could not have known of the presence of the gases.

TRESPASS ON THE CASE for negligence.   Heard on demurrer to declaration, and demurrer overruled.

TILLINGHAST, J.   This is trespass on the case for negligence, and is before us on the defendant's demurrer to the plaintiff's declaration.

,The declaration sets out that the plaintiff was in the employ of the defendant as a laborer at its place of business on Mineral Spring avenue in the city of Pawtucket, said business being known as the L. B. Darling Fertilizer Works, and that it was engaged in the business of preparing and pickling pigs' feet, tripe, and other meat, and about which employment the plaintiff was engaged by the defendant.  And he avers that while so engaged he was, without any warning or cautioning, sent and directed by the defendant, by its superintendent and agent, to clean out and empty a certain dangerous waste pipe or drain which had become stopped up, situate on the defendant's premises.   And the plaintiff avers that he was ignorant of and did not know and was not informed by the defendant of the dangerous condition of said drain or pipe, and that, in accordance with the directions so received by him, he proceeded to clean out and empty said pipe or drain.   And he further avers that the defendant had so carelessly and negligently allowed said pipe or drain to become full of foul, decayed, decomposed, and putrefying animal matter that, by reason of the defendant's negligence, the animal matter in said pipe or drain, when opened by the plaintiff for the purpose aforesaid, produced noxious and poisonous gases, accompanied by a great stench, smell, and odor, and from which putrefactions there arose noxious, injurious, and deadly gases.   And while in the exercise of due care while doing said work, as aforesaid, he was overcome by said noxious, injurious, and poisonous gases, and was completely prostrated, and was poisoned, and became totally blind and otherwise sick and disordered, and suffered other injuries, all by reason of the defendant's negligence and carelessness, as aforesaid.   And the plaintiff avers that he had no notice of and did not know of the existence of said dangerous, noxious,

and deadly gases in said pipe or drain, but that the defendant ought to have known and been aware that said pipe and drain had been stopped up for a long time, and that it well knew of the unfit, foul, and dangerous condition thereof, and yet carelessly and negligently set the plaintiff to work upon said pipe or drain which it had so allowed and maintained in a foul, noxious, and deadly condition as aforesaid, whereby the plaintiff was injured, etc.

The grounds of the demurrer to the declaration are:

1. That it does not set forth any duty owing from the defendant to the plaintiff, the breach of which would give rise to an action in favor of the plaintiff.

2. That the defendant's negligence, as set forth in his declaration, consisted in allowing a certain pipe or drain to become full of foul, decayed, decomposed, and putrefying animal matter. And that the condition of this drain or pipe became known to the plaintiff when he went to clean out the same, and the risk of injury therefrom was assumed by him in entering upon said work.

3. That the presence of noxious and poisonous gases in the pipe or drain which the plaintiff was sent to clean by the defendant was known to the plaintiff, and the risk of injury therefrom by reason of working in said pipe or drain was assumed by the plaintiff.

4. That it appears by the plaintiff's declaration that the injury complained of was incident to the work upon which he was engaged, and was therefore assumed by him.

5. That the plaintiff alleges that "the animal matter in said pipe or drain, when opened by the plaintiff for the purpose aforesaid, produced noxious and poisonous gases;" the presence of said gases could not therefore have been previously known to the defendant, and hence the defendant could not have informed the plaintiff of a condition which did not exist, and therefore there was no duty resting upon the defendant to the plaintiff in this particular.

The first ground of demurrer is based upon a mere formal defect in the declaration, and therefore is not properly before us. *Miller* v. *Boyden*, 22 R. I. 441.

(1)    The second, third, and fourth grounds of demurrer may properly be considered together ; and the question raised thereby is whether the declaration shows that the plaintiff assumed the risk connected with the doing of the work of cleaning out the pipe or drain referred to.

Defendant's counsel argues that it appears from the declaration that the condition of the drain or pipe was perfectly apparent to the plaintiff, and hence, if he chose to work under such conditions, he assumed the risk of injury from the defendant's negligence in allowing animal matter to collect in the drain ; and hence he states no cause of action.    We cannot assent to this.    For, while the declaration shows that the condition of the pipe as to its being filled with decaying animal matter and as to its emitting offensive odors was apparent to the plaintiff, it does not show that he had knowledge or was in a position to have had knowledge of the dangerous nature of the odors and gases in said pipe.    And, moreover, the declaration expressly alleges that he had no knowledge of the presence of said poisonous gases in the pipe.    Nor are these allegations necessarily inconsistent, as argued by defendant's counsel.    A man may know of the existence of decaying matter and also that it is offensive to the smell, but may at the same time be wholly ignorant of the fact that the odor is poisonous or dangerous.    And when such a state of things exists, it cannot be said that a servant who is set to work by his employer in such a place, without any notice of the danger, assumes the risk thereof.    He only assumes such risks as are apparent to the senses of an ordinarily intelligent person, and not those which require special scientific knowledge to measure and determine.    *Smith* v. *Car Works*, 60 Mich. 501, and cases cited.

The case is, therefore, clearly distinguishable from *Disano* v. *Brick Company*, 20 R. I. 452, and *Baumler* v. *Brewing Company*, 23 R. I. 430, relied on by defendant.    In each of these cases the danger complained of was manifestly apparent to the senses of any person of ordinary intelligence; and hence, following the well-settled rule of law in such cases, the risk

of personal injury was held to have been assumed by the servant.

The case of *Beittenmiller* v. *Bergner & Engel Brewing Co.*, 12 Atl. Rep. 599 (Pa.), cited by defendant's counsel, also fails to support the position taken by him. There the plaintiff, a carpenter and foreman of a gang of men, was engaged in doing work at the defendant's brewery. They were ordered by the defendant's superintendent to put a certain stringer in place in a part of the brewery known as the "ice machine house." Plaintiff and his fellows, in pursuance of the order, carried the stringer into the building and began to raise it, but soon found that there was so much ammonia in the atmosphere of the room that they could only proceed with the work for a little while at a time ; and they found that they were more affected by the ammonia as they ascended in the room, but they were ignorant of the place or places at which the ammonia escaped. They left work, but were ordered back to it by the superintendent, he saying that the ammonia was not so bad then. They returned to the work, and the plaintiff climbed to a place where he could direct it. While so engaged he moved his head along in front of the partition, when his face suddenly came in contact with a puff or blast of ammonia vapor escaping through a hole in the partition. Plaintiff was overcome by the shock and fell to the floor below, whereby he sustained permanent injury. At the trial of the case below the plaintiff was nonsuited, which nonsuit was sustained by the Supreme Court. We entirely concur with the decision of the court in that case. It clearly appeared that the plaintiff knew not only of the presence of the gas, but also its nature and effects, and hence he assumed the risk of inhaling it.

In the case at bar, as already suggested, the plaintiff only knew of the presence of decaying or decomposing animal matter in the drain, from which an offensive odor or gas arose, but did not know, and, so far as appears from the declaration, was not chargeable with knowledge of its dangerous or deadly character. In other words, the danger which the plaintiff alleges existed in connection with the doing of his

work was a latent danger, and hence was not assumed by
(2) him.   See *Coombs* v. *Cordage Co.*, 102 Mass. 572.   More-
over, it appears from the declaration that the work which the
plaintiff was directed to do, and was doing or attempting to
do when he sustained the injury complained of, was outside
of his regular employment, and was work with which he was
wholly unfamiliar.

(3)    The fifth and last ground of demurrer is untenable.   We
cannot say, as matter of law, that the defendant could not
have known of the presence of said noxious and deadly gases
in the pipe or drain, or that it was not its duty to have known
thereof before directing the plaintiff to do said work.   And
so long as the declaration alleges that the defendant did know
or ought to have known of the dangerous condition of said
drain, we cannot say that it did not know of it.   Indeed, by
demurring to the declaration the defendant admits, for the
purposes of the present hearing, that it did know of the dan-
gerous condition of said drain, and also that the plaintiff was
wholly ignorant thereof.

Demurrer overruled, and case remanded for further pro-
ceedings.

*W. B. W. Hallett and H. W. Kimball*, for plaintiff.
*Edwards & Angell*, for defendant.